### (November 23, 1954.)

NEW ENGLAND INDUSTRIES, INC., Respondent, v. YOUSSEFIAN & CIE., Appellant, et al., Defendant.

*Per Curiam.* Plaintiff, a New York corporation, having secured an attachment, brings this action for $33,116.90 damages for breach of warranty arising out of the sale of merchandise. Defendant seller, a French business entity located in Paris, France, interposes a counterclaim in the sum of $63,121.05 for the purchase price of the goods.

Defendant has been directed to appear for examination before trial in New York City by an officer having knowledge of the facts. The officer having such knowledge is a resident of Paris. Application was made for a visitor's visa in order that he might enter the United States to attend upon the examination. However, it developed that he was born in Russia, and a long delay has occurred in the processing of his application for a visa by our government. In addition, he is blind, and this presents further difficulties.

The court from time to time has extended the date for examination, but the order appealed from imposes a condition that defendant for any reason whatsoever will not seek any further extension beyond a fixed date. Defendant complains that the absolute nature of the condition results in prejudice because the ability of its officer to obtain admission to this country is a matter beyond defendant's control. It asks for an indefinite extension until thirty days after our government has granted the visa.

Under the circumstances, we think that the order appealed from should be modified by striking the condition imposed at Special Term, and that the defendant's examination should be adjourned to a date as fixed in the order to be entered herein. If the defendant's officer has been unable to obtain a visa and gain entry to the United States at the expiration of such time, either party may apply for such further relief as may be just and proper, including modification of the original order for defendant's examination so as to substitute examination abroad on written interrogatories or open commission as the Special Term may determine in the exercise of a sound discretion. The expenses of plaintiff's counsel in attending on any examination held abroad should not be imposed

on defendant, except as a taxable disbursement in case of plaintiff's eventual success in the action. Settle order.

Peck, P. J., Callahan, Breitel, Bastow and Bergan, JJ., concur.

Orders unanimously modified in accordance with the opinion herein, and, as modified, affirmed.

Settle order on notice. [See 285 App. Div. 806.]